UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
A.A., AN INFANT UNDER 18 YEARS                          ECF CASE
OF AGE BY HER MOTHER AND NATURAL
GUARDIAN,  MILETTE MYERS,
                                                                              **COMPLAINT**

                         Plaintiff,
                                                                              **JURY TRIAL**
            vs.                                                               **DEMANDED**

THE CITY OF NEW YORK,
POLICE OFFICER NATASHA O'NEIL,
(Shield # 3852); POLICE OFFICE TIMOTHY
ARTHUR, (Tax # 947711); and POLICE
OFFICERS JOHN DOE and JANE DOE
(Names and Shield #s currently unknown),

                         Defendants.
-------------------------------------------------------------X


## PRELIMINARY STATEMENT

1.      This is an action to recover money damages arising out of Defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff was deprived of her constitutional rights when the Defendants caused the unjustifiable arrest, use of excessive force, unlawful confinement, and malicious prosecution of Plaintiff.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4)

1

and the aforementioned statutory and constitutional provisions.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. The Plaintiff, A.A., is a minor under 18 years of age, and represented herein by her mother and natural guardian, Melette Myers. The Plaintiff is and was at all times relevant herein a citizen of the United States, and is and was at all times relevant herein a resident of the Brooklyn, New York.

6. At all times relevant hereto, Defendant Police Officer [hereinafter "P.O."] Natasha O'Neil, Shield # 3852, was acting in the capacity as an agent, servant, and employee of defendant City of New York [hereinafter "City"], and within the scope of her employment as such. P.O. O'Neil is being sued herein in her individual capacity.

7. At all times relevant hereto, Defendant P.O. Timothy Arthur, Tax # 947711, was acting in the capacity as an agent, servant, and employee of the Defendant City, and within the scope of his employments as such. P.O. Arthur is being sued herein in his individual capacity.

8. At all times relevant hereto, Defendant Police Officers John and Jane Doe, were acting in the capacity as an agent, servant, and employee of Defendant City and within the scope of his employment as such. The Doe defendants are being sued in their individual capacity.

9. At all times relevant herein, the Defendant P.O.s were acting under color of state law in the course and scope of their duty and functioned as agents, servants, employees, and

officers of the New York City Police Department [hereinafter "NYPD"], and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duty. Defendant P.O.s were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the NYPD and incidental to the lawful pursuit of their duty as officers, employees and agents of the NYPD.

10. Defendant City is municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

11. On or about May 15, 2012, Plaintiff, minor "A.A.", resided at 719 Van Siclen Avenue, Brooklyn, NY 11207, with her mother and legal guardian, Melette Myers.

12. At approximately 2:15 p.m., Plaintiff was in the gymnasium of the Brooklyn Generation School, where she attended school as a ninth (9th) grade student. Plaintiff was waiting for Dean Stacey Loftin, who had planned to meet her there.

13. At approximately 2:15 p.m., Dean Loftin and A.A. were walking down the hall when Dean Loftin observed a disturbance involving another student [hereinafter "S.J."] and the Defendant police officers.

14. Eventually, Dean Loftin, Defendant P.O. Gayle, the Doe Defendants all became involved with the incident surrounding S.J. The plaintiff was not involved with this situation.

15. Plaintiff remained in the area at the direction of Dean Loftin, who told her to stay and wait for her. Plaintiff remained away from the incident.

16. Without any provocation or prompting, Defendant O'Neil moved toward plaintiff and began engaging with plaintiff. Plaintiff was not involved in any illegal behavior.

17. Plaintiff tried to explain to Defendant O'Neil that she was waiting for Dean Loftin, however, Defendant O'Neil ignored her even though Dean Loftin was mere yards away.

18. Defendant O'Neil continued to engage with plaintiff and eventually pushed plaintiff.

19. When Plaintiff turned around to face Defendant O'Neil, Defendant O'Neil struck plaintiff. Defendants O'Neil and Arthur then grabbed plaintiff.

20. While plaintiff was restrained by Defendant Arthur, Defendant O'Neil struck plaintiff multiple times. Plaintiff was eventually grabbed around her neck and flung to the ground by the officer defendants. All three (3) Defendant P.O.s then held plaintiff's face down on the ground.

21. As a result of the excessive force used by the defendant officers, plaintiff suffered from pain and bruising to multiple locations on her body

22. At no time did the Plaintiff strike or hit the Defendant P.O.s.

23. Plaintiff was placed under arrest.

24. She was eventually transported to Spofford Juvenile Detention Center, and was released to her parents directly from the facility.

25. As a result of this incident, A.A. was suspended from her school beginning May 18th, 2012, and was forced to attend another facility until the beginning of June, when she was reinstated.

26. Also as a result of this incident, a juvenile delinquency petition was filed against the Plaintiff in Kings County Family Court, Docket No: D-9925/2012. A.A. was charged with two (2) A Misdemeanors and one (1) B Misdemeanors as follows:

   a. Obstructing Governmental Administration in the Second Degree, P.L. §195.05

   b. Resisting Arrest, P.L. §205.30

   c. Attempted Assault in the Third Degree, P.L. §§110/120.00(1)

27. The Petition was supported by an Affidavit signed by Defendant P.O. O'Neil and contained false descriptions of what occurred during the incident.

28. Prior to this, A.A. had never been arrested or had any kind of problem with the law. Her record was completely clean as demonstrated by the *NYC Juvenile Detention Risk Assessment Instrument* that was attached to the delinquency petition. She never had any prior problems in school and had no history of suspension.

29. Subsequently, all charges against A.A. were dismissed.

30. As a direct and proximate result of the excessive force, the Plaintiff suffered pain and bruising throughout her body.

31. As a direct and proximate cause of this unlawful arrest and malicious prosecution, the Plaintiff has suffered and continues to suffer psychological pain, suffering and anguish and other losses.

## FIRST CAUSE OF ACTION
### Municipal Liability Claim Against the City of New York
### For Failure to Properly Hire, Train, Supervise and Discipline Employees

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The individual Defendant P.O.'s use of excessive force comprised a violation of Plaintiff's civil right to be free of such actions under the Fourth Amendment to the Constitution.

34. Defendant P.O.'s use of excessive force was pursuant to custom, practices, policy or uses of Defendant City through the NYPD.

35. Upon information and belief, Defendant City failed to discipline the Defendant P.O.s for their use of excessive force against Plaintiff.

36. Under this custom, usage, practice or policy, The City of New York:

    (a) encouraged and/or condoned the use of excessive force;

    (b) encouraged and/or condoned the practice of using excessive force;

    (c) failed to adequately screen applicants to the New York City Department of Juvenile Justice;

    (d) failed to investigate, or punish the excessive use of force by the New York City Department of Juvenile Justice;

    (e) failed to provide adequate training to its New York City Department of Juvenile Justice regarding the use of force with children, the constitutional limits of force with children, and the proper use of weapons, including handcuffs.

## SECOND CAUSE OF ACTION
### False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

43. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The individual defendants created false evidence against Plaintiff.

49. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

50. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Abuse Of Process

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. The individual defendants issued legal process to place Plaintiff under arrest.

54. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

55. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
### Failure To Intervene

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

59. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

60. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### JURY DEMAND

69. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

A) Compensatory damages against all defendants, jointly and severally;

B) Punitive damages against the individual defendants, jointly and severally;

C) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

D) Such other and further relief as this Court deems just and proper.


DATED: January 16, 2014
New York, New York

/s/
RICHARD P. REYES, ESQ. (RR 8457)
299 Broadway, Suite 1501
New York, New York 10007
(212) 966-3761
(646) 536-8964 (facsimile)