

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

JOSHUA J. LAX
Special Assistant Corporation Counsel
Phone: (212) 356-3538
Fax: (212) 356-3509
jlax@law.nyc.gov

April 2, 2014

**BY ECF**
Honorable Joan M. Azrack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> Re:  **A.A. by M/N/G Millette Myers v. City of New York et. al., 14 CV 00374 (ARR)(JMA)**

Dear Magistrate Judge Azrack:

      I am a Special Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter.  I write with the consent of Richard P. Reyes, Esq., to respectfully request 1) a 60-day enlargement of time from April 2, 2014 until June 2, 2014 within which the defendant City may answer or otherwise respond to the complaint; and 2) an adjournment of the May 1, 2014 conference until a date and time after issue has been joined that is convenient to the Court.  This is the City's first request for such an extension.

      By way of background, plaintiff alleges, *inter alia*, that she was falsely arrested, maliciously prosecuted and subjected to excessive force (See Complaint, ¶¶ 37-46).  Based on these allegations, there are several reasons for seeking an enlargement of time in this matter.  In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the complaint.  Plaintiff alleges she was "engaging" with two police officers in school while the officers were dealing with an unrelated incident involving another student.  (Id. at ¶¶ 11-17).  At some point one of the officers pushed plaintiff, struck plaintiff in the face, and both officers present struck plaintiff in the face.  (Id. at ¶¶ 17-19).  After she was restrained, plaintiff was struck several more times.  (Id. at ¶ 20).  Plaintiff was subsequently arrested and detained in a juvenile detention center.  (Id. at ¶¶ 23-24).  Plaintiff contends she was both suspended from school and prosecuted in Family Court, although the Complaint is unclear as to what the prosecution entailed.  (Id. at ¶¶ 29-30).  Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to N.Y. Crim. Pro. L. § 160.50 and Family Court Act § 375.1.  In addition, records from the Department of Education cannot be accessed without a release.

Accordingly, this office is forwarding to plaintiff for execution a consent and authorization forms for the release of sealed arrest and criminal prosecution records and the school records so that defendant City can access the information, evaluate the claims in the complaint, and properly respond to the allegations therein.

Additionally, according to the civil docket sheet, the individually named defendants, have not been served with process in this case. This enlargement may also allow plaintiff time to serve the individual defendants, and give this office time to conduct an inquiry to determine whether it will represent him in this action. See General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend their time to respond as well if they are served with process in the intervening period.

No previous request for an extension of time to respond to the complaint or request for an adjournment of the initial conference has been made by defendant City. Accordingly, defendant City respectfully requests an extension of its time to answer or otherwise respond to the complaint until June 2, 2014, and a corresponding adjournment of the initial conference, presently scheduled for May 1, 2014, until a date and time after issue has been joined that is convenient to the Court.

Thank you for your time and consideration.

Respectfully submitted,

/s/

Joshua J. Lax
Special Assistant Corporation Counsel

CC:    Richard P. Reyes, Esq. (BY ECF)