UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.A. by M/N/G MILETTE MEYERS,<br><br>                                                    Plaintiff,<br><br>                        -against-<br><br>CITY OF NEW YORK, POLICE OFFICER NATARSHA O'NEIL, POLICE OFFICER TIMOTHY ARTHUR, qnd POLICE OFFICERS JOHN DOE and JANE DOE (Names and Shield #s currently unknown,<br><br>                                                    Defendants. | **ANSWER TO THE COMPLAINT BY DEFENDANT CITY OF NEW YORK AND NATARSHA O'NEIL**<br><br>14 CV 00374 (ARR)(JMA)<br><br>Jury Trial Demanded |

Defendants City of New York and Natarsha O'Neil,[1] by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed and invoke the jurisdiction as stated therein.

3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed and invoke the jurisdiction as stated therein.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

---

[1] Upon information and belief Timothy Arthur has not yet been served with process.

6.      Deny the allegations set forth in paragraph "6" of the complaint to the extent it alleges fact, state that this paragraph contains legal conclusions to which no response is necessary, except admit that Natasha O'Neil was employed by the New York City Police Department on May 15, 2012.

7.      Deny the allegations set forth in paragraph "7" of the complaint to the extent it alleges fact, state that this paragraph contains legal conclusions to which no response is necessary, except admit that Timothy Arthur was employed by the New York City Police Department on May 15, 2012.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Paragraph "9" of the complaint states legal conclusions to which no response is required.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except admits the City of New York is a municipality organized under the laws of the State of New York and that it maintains a Police Department named the New York City Police Department ("NYPD"), which employed John Albert, and respectfully refers the Court and counsel to the City Charter and Administrative Code for a full recitation of the relationship between the City, the NYPD and its employees.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.     Deny the allegations set forth in paragraph "12" of the complaint.

13.     Deny the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint, except admit plaintiff was arrested.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admit plaintiff was detained on May 15, 2012.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendant repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    Deny the allegations set forth in paragraph "35" of the complaint and all its subparts.

37.    In response to the allegations set forth in paragraph "37" of the complaint, defendant repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    In response to the allegations set forth in paragraph "40" of the complaint, defendant repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

41.    Deny the allegations set forth in paragraph"41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.     In response to the allegations set forth in paragraph "44" of the complaint, defendant repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     In response to the allegations set forth in paragraph "47" of the complaint, defendant repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     In response to the allegations set forth in paragraph "52" of the complaint, defendant repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     In response to the allegations set forth in paragraph "57" of the complaint, defendant repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Paragraph "61" states a jury demand to which no response is required.[2]

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

62.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

63.     Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

64.     Punitive damages cannot be assessed against defendant City of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

65.     Any force used was necessary and reasonable under the circumstances.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

66.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or from the culpable or negligent conduct of others and was not the proximate result of any act of the defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

67.     Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

68.     Plaintiff may have failed to comply with New York General Municipal Law §§ 50-e and 50-i.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

---

[2] The complaint numbered this paragraph "69," skipping paragraphs "61-68."

69.    Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

70. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

71. Plaintiff failed to comply with conditions precedent to suit.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

72. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

73. Defendant O'Neil has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

74. At all times relevant to the acts alleged in the complaint, defendant O'Neil acted reasonably in the proper and lawful exercise of their discretion

**WHEREFORE**, defendants City of New York and Natarsha O'Neil respectfully requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       June 20, 2014

                                      ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendant City and O'Neil*
                                        100 Church Street
                                        New York, New York  10007
                                        (212) 356-3538

                                  By:     _____/s/_____
                                          Joshua J. Lax
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division

To:     Richard P. Reyes, Esq. (By ECF)